UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

EHIGIE HENSHAW ISIBOR,

    Petitioner,

v.

              No. 1:25-CV-00196-H

WARDEN, BLUEBONNET
DETENTION CENTER,[1]

    Respondent.

## ORDER

  Petitioner seeks expedited briefing and review of his petition for writ of habeas corpus, which challenges his prolonged immigration detention pending removal proceedings. Dkt. No. 1. Specifically, he asks the court to require the respondent to answer his petition within three days, and he seeks reconsideration of the denial of his request for bond within seven days. *Id.* at 2, 8. As explained below, the Court denies the requests for expediting briefing and reconsideration of bond.

  Although 28 U.S.C. § 2243 requires a response to a habeas petition within three days, it allows the court to provide additional time—up to 20 days—for good cause. Additionally, courts have discretion under the superseding Rules Governing Section 2254 Cases[2] and Rules Governing Section 2255 Cases to set a deadline beyond twenty days for habeas petitions under 28 U.S.C. § 2241, as long as it does not extend beyond sixty days. *See* Fed. R. Civ. P. 12(a)(3); *Olya v. Garite*, 2025 WL 890180, at *1 (W.D. Tex. Mar. 19, 2025) (collecting cases).

---

[1] The Clerk is directed to change the caption to reflect that the Warden of the Bluebonnet Detention Center is the proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody). All other named respondents will be terminated from this civil action.

[2] A district court may apply any or all of the rules governing Section 2254 habeas petitions to those cases filed pursuant to Section 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases; *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Gaitan-Campanioni v. Thornburgh*, 777 F. Supp. 1355, 1356 (E.D. Tex. 1991).

Here, Petitioner asserts that he has been detained pending removal proceedings since February 22, 2024—shortly after his release from prison. The Court agrees that a response to the petition should be required. But, considering how long Petitioner has been detained, the Court finds that three days is not enough time to ensure meaningful review of Petitioner's circumstances and relevant records. Thoughtful and informed briefing aids the Court in reaching a just determination, so the Court finds that 60 days is an appropriate and reasonable deadline. The Court will enter a separate show-cause order with instructions for briefing.

Petitioner also requests that the Court compel the respondent to release him or provide a bond hearing within seven days. He asserts that upon his arrest by immigration authorities, the Department of Homeland Security and the Executive Office of Immigration Review determined he was ineligible for release on bond. He also admits that more recently, on August 13, 2025, he was "called upon before an [immigration judge] and [his request for bond] was denied." Dkt. No. 1 at 6. Under the relevant immigration statutes, the decision to release a detainee on bond is entirely within the discretion of the Attorney General. *See* 8 U.S.C. §§ 1182(d)(5)(A) and 1226(a), (e); *see also In re Bahadur*, 441 F. Supp. 3d 467, 486 (W.D. Tex. Feb. 27, 2020). Any decision made by the Attorney General is not subject to judicial review. 8 U.S.C. § 1226(e). And Petitioner admits that his renewed request for bond was reviewed by an immigration judge in a hearing only one month ago. As a result, Petitioner has not shown that he is entitled to an expedited reconsideration of the denial of his bond before his petition is fully briefed and ripe for review.

For these reasons, the Court denies Petitioner's request for expedited briefing and reconsideration of the denial of bond.

Dated October 2, 2025.

JAMES WESLEY HENDRIX
United States District Judge

2